UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JANE DOE,
A resident of the State of Virginia,

Plaintiff,

v.

CARNIVAL CRUISE LINES,
A Panamanian corporation,

Defendant.
_______________________________________/

## COMPLAINT

The Plaintiff JANE DOE files this Complaint against the Defendant, CARNIVAL CRUISE LINES CORPORATION, a Panamanian corporation, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. The Plaintiff JANE DOE is a permanent resident of the State of Virginia. She is sui juris and proceeding in this case through under the pseudonym JANE DOE due to the nature of the allegations.

3. Defendant CARNIVAL CRUISE LINES is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; as alleged above there is complete diversity in citizenship of the parties and the amount of damages claimed exceeds the minimum jurisdictional amount required for diversity of citizenship cases.

5. At all material times, the Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. As set forth in the ticket contract the Defendant required fare paying passengers, including Plaintiff JANE DOE, to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

**PRELIMINARY ALLEGATIONS**

8. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "M/S CARNIVAL SENSATION", a large passenger cruise ship registered in the Bahamas.

9. At all material times, Plaintiff JANE DOE was fare paying passenger aboard the M/S SENSATION and was lawfully present aboard the vessel for the entire cruise voyage.

10. At all material times Defendant advertised and expressly represented that it provided featured safe facilities suitable for and expressly intended for patronage by passengers including unescorted young women such as the Plaintiff on board the M/S SENSATION. One of the featured facilities was a nightclub providing music and dancing, known as "Kaleidoscope."

11. At all material times the Defendant expressly represented that the safety and security of our guests is top priority and that excellent record of safe operation throughout Carnival's 40-plus year history, comprehensive safety standards and ships are operated in full compliance with — and in many cases exceed — all U.S. and international safety regulations.



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

12. On or about March 2014, based upon express and implied representations made by Defendant CARNIVAL, Plaintiff and her female friends purchased cruise tickets for a "4-Night Bahamas" CARNIVAL cruise. In doing so, Plaintiff entered into a ticket contract with CARNIVAL. *See* Exhibit 1. Plaintiff and her traveling companions intended to enjoy cruising on Defendant CARNIVAL's M/S SENSATION from Port Canaveral, Florida to CocoCay, The Bahamas and Nassau, The Bahamas, and then back to Port Canaveral, Florida.

13. On the evening of September 2, 2014 while aboard the M/S SENSATION, Plaintiff JANE DOE was a patron of the nightclub facility "Kaleidoscope."

14. Unknown to JANE DOE, while in "Kaleidoscope" other passengers identified her as a single young woman unable to protect and/or defend herself from a forced entry into her stateroom and both physical and sexual assault inside the stateroom. Defendant made no effort to recognize the risk to JANE DOE referenced in the previous sentence. Before the scheduled closing time, JANE DOE left the nightclub facilities to return to her stateroom during the early morning of September 3, 2014.



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

15. At the time and place referenced in paragraph 16, JANE DOE was followed from the nightclub back to her stateroom by a group of male passengers. As JANE DOE entered her stateroom, the male passengers forced their way into the stateroom and physically and sexually attacked, assaulted and battered, and raped, JANE DOE.

16. The Plaintiff has complied with all conditions precedent to bringing this action. In particular, on or about October 10, 2014, the Plaintiff sent the Defendant a written notice of claim as required in the passenger ticket contract.

**COUNT I - NEGLIGENCE**

17. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

18. At all material times, the Defendant owed the Plaintiff, as a fare paying passenger aboard its cruise vessel, a duty of reasonable care for her safety and security.



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

19. At all material times, the Defendant knew or should have known that passengers patronizing onboard facilities such as night clubs designated for passengers, including unescorted young adult females, would require a reasonable level of security and supervision to and from their staterooms from the Defendants night club facilities for their safety and security.

20. Defendant alone was in control of all night clubs and public walkways. Under the control of the vessel exercised by Defendant, single young women like JANE DOE had no opportunity to provide for their own security and safety from forced entry into staterooms and other physical and sexual assault from passengers. Defendant knew or should have known to exercise reasonable care in order to provide such safety and security to passengers including unescorted young women returning to staterooms after late night activities in night clubs.

21. At all material times, the criminal attack upon JANE DOE was reasonably foreseeable to Defendant, and Defendant was in a superior position to appreciate such dangers and had the authority and control needed undertake all available necessary measures to prevent harm to their passengers.

22. At all material times, the Defendant failed to exercise reasonable care, and was thereby negligent, in one or more of the following respects:



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

a. Failing to police, patrol, guard, deter and otherwise provide adequate protection and security for its passengers, when the Defendant knew or should have known crimes upon the numerous Defendant's vessel including assaults in or near passenger stateroom aboard its vessels and other cruise ships in general and that violent crimes were likely to occur in the absence of such precautions.

b. There were an inadequate number of crewmembers and security personnel to supervise passengers onboard and at ship's night club facilities.

c. Crewmembers supervising passengers onboard and at ship's night club facilities were inadequately trained to perform their duty of supervision.

d. Crewmembers supervising passengers onboard and at ship's night club facilities facility were insufficiently attentive to the behavior, needs, status and circumstances of the passengers leaving to and from night club facilities

e. Crewmembers supervising passengers onboard and at ship's night club facilities insufficiently monitored the behavior, needs, status and circumstances of the passengers they were supervising.

f. Crewmembers supervising passengers onboard and at ship's night club facilities facility were insufficiently attentive to the behavior, needs, status and circumstances of Plaintiff JANE DOE.



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

i. The Defendant made inadequate arrangements for the safe and secure return of the passengers to their individual quarters, or other safe location after ships night club facilities closed during the early morning of September 3, 2014.

j. The Defendant failed to deploy a sufficient number of security personnel to ensure the safe return of the Plaintiff JANE DOE to their state rooms after ship's night club facilities closed during the early morning of September 3, 2014, in light of Defendant's actual or constructive knowledge of the known risks and dangers associated with young unescorted single females leaving the nightclub facilities late at night.

k. Failing to implement adequate security policies, security measures, and security procedures necessary to protect JANE DOE, and other passengers;

l. Failing to train its security personnel and undertake additional enhanced security measures after being on actual or constructive notice that the security measures in force were inadequate;

m. The Defendant at all material times failed to adopt or update as necessary reasonably needed policies, procedures, training, and education for passengers appropriate for providing foreseeably needed security services to passengers specifically where alcoholic beverages are served under the unique circumstances existing in cruise ship night clubs.

n. The Defendant at all material times failed to adopt or update as necessary proper protocols, policies and procedures for providing security services to passengers in the evening hours.

o. The Defendant at all material times failed to implement proper protocols, policies and procedures for providing security services to passengers.

p. The Defendant at all material times failed to implement reasonably careful protocols, policies and procedures for providing security services to passengers.

q. The Defendant at all material times failed adequately to train its security personnel and other crew members in the requirements and procedures for adequate, safe and secure supervision of the activities of passengers including to and from night club facilities for passengers and secure supervision of the activities for its passengers.

s. The Defendant at all material times failed to employ or retain adequate numbers of properly trained security personnel to deal with the passenger population actually or constructively known to the Defendant.

t. The Defendant at all material times failed adequately to warn passengers, including Plaintiff concerning the past history of sexual assault on board its vessels, and those of other cruise companies known to Defendant, and further failed to warn passengers to undertake appropriate precautions to prevent, deter or minimize risks of such assaults.

u. The Defendant, at all material times, failed to maintain adequate video surveillance of shipboard facilities and or failed to deploy an adequate number of security cameras in passenger hallways as needed to provide a reasonably safe level of security for passengers.

v. The Defendant otherwise failed to exercise reasonable care to provide a reasonable level of safety and security on board its vessels, to deter against criminal attacked on their vessels including the M/S SENSATION.

w. The Defendant failed to implement policies and procedures to screen passengers for history of violence and criminal backgrounds and other potential violent crimes.

x. Additional negligent acts not yet discovered.



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

23. As a direct and proximate result of one or more the Defendant's negligent acts in the preceding paragraph the attack, sexual assault, rape and battery referred to in paragraphs 14 and 15 occurred, and Plaintiff JANE DOE was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish and emotional and psychological pain and suffering, sustained disability and the inability to lead a normal life. JANE DOE also incurred expenses for medical treatment, mental health and behavioral counseling, psychological services and out of pocket expenses for her care and treatment. These damages are permanent or continuing in their nature and Plaintiff JANE DOE will continue to sustain and incur such compensatory damages in the future.

**WHEREFORE**, the Plaintiff requests judgment in her favor for compensatory damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of March, 2015, I served all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/NICHOLAS I. GERSON*

NICHOLAS I. GERSON
Florida Bar No. 002080
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida
Telephone: (305) 371-6000
Attorneys for Plaintiff